## Case No. 7,756.

### KIDD et al. v. SWARTWOUT.

[10 Hunt, Mer. Mag. 81.]

Circuit Court, S. D. New York. Nov., 1843.

CUSTOMS DUTIES—FREE ENTRY—AMERICAN PRODUCTS—REIMPORTATION.

[1. The inference is against a party claiming that imported goods are Amerian products, entitled to entry free of duty, under act of 1799, § 47 (1 Stat. 662)].

[2. The right under act of 1799, § 47 (1 Stat. 662), to reimport exported American products free of duty. is not affected by a sale of a part thereof in a foreign port.]

[This was an action by Benjamin Kidd and others against Samuel Swartwout, collector, to recover duties wrongfully exacted.]

BETTS, District Judge. In 1836, the plaintiffs, through Grinnell & Minturn, their agents, purchased and shipped a quantity of wheat and flour from New York, consigned to George Wilde & Co., of London, to be sold for their account. Upon its arrival in London it was entered at the custom-house, where it continued under the custom-house lock and key. It appeared that the sale was lost in London, and it was reshipped by George Wilde & Co., and consigned to Grinnell, Minturn & Co. On its arrival in New York, the consignees claimed to have it entered as American produce. The collector, however, refused, on the ground that it had changed hands, and compelled Grinnell, Minturn & Co. to pay the duties on it, amounting to $3,436.29. Mr. Grinnell entered a protest at the time, and the present action is brought to have refunded those duties.

After the plaintiffs' counsel had closed his case, the district attorney stated that he did not intend to make any defence, except merely to see that the plaintiffs had made out their case, and, if so, he had no objection to their getting a verdict, and having those duties refunded. He said the question here turned on the construction of the 47th section of the act of 1799, in relation to American produce sent out of this country, and afterwards reshipped. He then read the section alluded to, which stated that, on American produce brought back, no duty should be demanded, provided certain regulations therein mentioned were complied with. He thought the identity of the flour was not sufficiently proved, nor was there any evidence of those regulations being complied with. Judge BETTS charged that, if it were American wheat and flour, it was the duty of the party claiming here to show that it was so; and, next, to show that it was returned in the same condition as it was when it went from this country. The act of 1799 referred the matter to the custom-house officers, the collector and the controller, and it was for them to be satisfied as to whether the requirements of that act were complied with, and they are the proper parties to ascertain these facts. The evidence of identity, and of a compliance with the regulations pointed out by the act, is sufficient; and the principal question is one of law, whether the sale of a portion of the goods changed their American character. Judge BETTS intimated his opinion that the act would not bear that construction. The jury found a verdict for the plaintiff, without retiring, of $4,915.63, including interest.